# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LACI LANDERS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-76-3

Before BARKSDALE, WILLETT, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Laci Landers challenges the sentence of 48-months' imprisonment imposed on revocation of her supervised release. Her sentence exceeded the advisory Sentencing Guidelines sentencing range but was below the statutory maximum sentence. She had previously had her supervised release revoked twice for drug use, associating with a known felon, and leaving the judicial

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

district without permission.  Landers asserts her sentence is substantively unreasonable.

Our court typically reviews a challenge to a revocation-sentence under a "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (citations omitted).  The substantive reasonableness of a sentence imposed on revocation is subject to the same standards used to review whether an initial sentence is substantively reasonable.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citing cases addressing an initial sentence in reviewing a revocation sentence).  We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance".  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The fact we might have decided a different sentence was appropriate does not warrant reversal.  *Warren,* 720 F.3d at 332.

A revocation sentence is substantively unreasonable if the district court failed to account for a factor that should have received significant weight, afforded significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors.  *Id.* (citation omitted).  There is no requirement, however, that any aspect of defendant's personal history and circumstances be given dispositive weight.  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Understandably, multiple violations of the terms of supervised release can support an imposition of an above-Guidelines sentence.  *See United States v. Mathena,* 23 F.3d 87, 94 (5th Cir. 1994) (citation omitted).  Additionally, our court has affirmed revocation sentences above the advisory-Guidelines range, even when the sentence equals the statutory maximum.  *See Warren,* 720 F.3d at 324–25, 333.

2

No. 19-50502

Landers admitted to leaving a residential-substance-abuse-treatment program without permission and associating with a known felon without permission, in violation of conditions of her supervised release. In contending her sentence is substantively unreasonable, Landers asserts the court failed to account for the impact of her drug addiction on her conduct, her other medical conditions, and the fact that she was not violent and did not harm anyone. She also asserts her sentence was excessive under the circumstances.

The court undertook an individualized assessment of the facts and gave a reasoned justification for the sentence. Landers has not shown her 48-month sentence was plainly unreasonable. *See Gall*, 552 U.S. at 51; *Warren*, 720 F.3d at 332–33.

AFFIRMED.